UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARTHUR BURNHAM,<br>　　　　　Petitioner,<br><br>v.<br><br>LEWIS G. EVANGELIDIS,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 4:19-40064-TSH |

## ORDER AND MEMORANDUM ON RESPONDENT'S MOTION TO DISMISS (Docket No. 10)

**November 12, 2019**

**HILLMAN, D.J.**

On May 8, 2018, Arthur Burnham ("Petitioner") pleaded guilty to throwing, secreting, or launching an explosive device; malicious damage to a motor vehicle; and burning property. (Docket No. 10-1 at 14–15).  Three days later, the trial court sentenced Petitioner to concurrent sentences amounting to three years and one day in the house of correction, suspended subject to compliance with certain probation conditions.  (Docket No. 10-1 at 15–16).  On January 17, 2019, the probation department filed a Notice of Surrender alleging Petitioner had violated these conditions.  (Docket No. 10-1 at 16).  Following a hearing, the court revoked probation and ordered Petitioner to serve eighteen months in the house of correction.  (Docket No. 10-1 at 18–19).  From March through June 2019, Petitioner filed three petitions for extraordinary relief from a single justice of the Massachusetts Supreme Judicial Court ("SJC") under M.G.L. c. 211 § 3, all of which were denied.  Petitioner also moved to vacate his guilty plea in state court on May 30, 2019.  (Docket No. 10-1 at 19).  That motion is still pending and has not been appealed to the SJC.

On May 20, 2019, Petitioner filed a Petition for Writ of Habeas Corpus with this Court raising 28 grounds of relief.  (Docket No. 1).  Lewis G. Evangelidis ("Respondent") now moves to dismiss the petition for lack of exhaustion.  (Docket No. 10).

## **Discussion**

A federal court may not consider a petition for habeas corpus unless the petitioner has fully exhausted his state court remedies.  28 U.S.C. § 2254(b)(1); *see also Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997).  To exhaust a claim, a petitioner must provide the highest state court having jurisdiction over the claims "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted).  In Massachusetts, the "decisive pleading" is the application for leave to obtain further appellate review from the SJC.  *Adelson*, 131 F.3d at 263.

Petitioner argues that he exhausted his claims because he filed appeals with the SJC.  (Docket No. 1 at 2, 5).  The appeals to which Petitioner refers appear to be his petitions for extraordinary relief from a single justice of the SJC, not any application for leave to obtain further appellate review from the SJC.  I find that these petitions "are not sufficient to show that [Petitioner] 'fairly presented' the alleged violations to the highest state court."  *Kyricopoulos v. Gaffney*, No. CV 17-11778-FDS, 2018 WL 889223, at *3 (D. Mass. Feb. 13, 2018), *appeal filed*, No. 18-1245; *see also Rodriguez v. Spencer*, 412 F.3d 29, 34 (1st Cir. 2005) (declining to "take the absolutist position that a ch. 211, § 3 petition can never be an application for collateral review," but noting that "[a] ch. 211, § 3 petition is not to be used as a substitute for normal appellate review, and relief is not ordinarily available when the petitioning party has or had adequate and effective avenues other than [ch. 211, § 3], by which to seek and obtain the requested relief" (internal quotation marks omitted) (alteration in original)).  Petitioner does not

deny that he had access to other post-conviction remedies when he filed his petition for extraordinary relief. Indeed, he filed a motion for a new trial just ten days after filing his petition with Court. (Docket Nos. 1 at 6–43, 21 at 12–49). Because he seems to have used these petitions "as a substitute for normal appellate review" in contravention of guidance from the First Circuit, *see Rodriguez*, 412 F.3d at 34, I decline to hold that he has exhausted his state court remedies.

Petitioner alternatively suggests that he had good cause for failing to exhaust his state court remedies because state officials interfered with his efforts to appeal. (Docket No. 17 at 2, 5). Section 2254 provides for two scenarios in which the exhaustion requirement does not bar federal review: (1) "there is an absence of available State corrective process" or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." Petitioner has not shown that either scenario applies to his case. He still has state court remedies available—indeed, he is currently making use of his ability to move for a new trial—and he has not provided any details or supporting documentation for his contention that the state courts failed to file his appeals or provide a recording of any court proceeding.

Because Petitioner bears the burden of showing that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim," *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Adelson*, 131 F.3d at 262), and he has not met that burden here, I ***grant*** Respondent's motion to dismiss (Docket No. 10).

## Conclusion

For the reasons stated above, I ***grant*** Respondent's motion to dismiss (Docket No. 10).

## **Certificate of Appealability**

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability with respect to dismissal of the Petition because I find that Petitioner cannot demonstrate that reasonable jurists could debate whether his claims were exhausted or good cause existed to excuse the lack of exhaustion.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**